United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| HENRY ZOCH II, Individually and on behalf of the Estate of Henry Zoch III, Deceased | § § § § | |
| | § | Civil Action No. 4:17-CV-578 |
| v. | § | Judge Mazzant |
| | § | |
| DAIMLER, A.G., et al. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Daimler, AG; Mercedes-Benz USA, LLC; and PAG Distributor S1, LLC's, Motion to Exclude Plaintiff's Proposed Rebuttal Experts (Dkt. #231). Having considered the motion and the relevant pleadings, the Court finds the motion should be denied.

## BACKGROUND

This is a products liability case arising from the alleged failure of the driver's seat in Henry Zoch III's ("Zoch III") vehicle during a rear-end collision (Dkt. #52). As a result of the collision, Zoch III suffered a severe head injury and later died. Subsequently, Plaintiff Henry Zoch II, individually and on behalf of Zoch III, filed suit on February 16, 2016 (Dkt. #1).

On April 2, 2018, Plaintiff disclosed Michelle R. Hoffman as an expert witness (Dkt. #231, Exhibit 1). On May 7, 2018, Defendants disclosed Drs. Catherine Corrigan and Sridhar Natarajan as expert witnesses (Dkt. #231, Exhibit 3). On June 4, 2018, Plaintiff disclosed Edward E. Hueske and Dr. Nizam Peerwani as rebuttal expert witnesses (Dkt. #231, Exhibit 6).

Defendants filed the motion at issue on June 25, 2018 (Dkt. #231). Defendants move to exclude Mr. Hueske and Dr. Peerwani as rebuttal expert witnesses and strike their reports arguing neither expert is a true rebuttal witness. Plaintiff filed a response to the motion on July 9, 2018

(Dkt. #233). Defendants filed a reply to the motion on July 16, 2018 (Dkt. #236). Finally, Plaintiff filed a sur-reply on July 23, 2018 (Dkt. #239).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) allows for the designation of a rebuttal expert witness "solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C) . . . ." "The scope of rebuttal testimony is ordinarily a matter to be left to the sound discretion of the trial judge." *Tramonte v. Fibreboard Corp.*, 947 F.2d 762, 764 (5th Cir. 1991) (quoting *United States v. Winkle*, 587 F.2d 705, 712 (5th Cir. 1979), *cert. denied*, 444 U.S. 827, 100 (1979)). "A 'rebuttal' report explains, repels, counteracts, or disproves evidence of the adverse party's initial report." *CEATS, Inc. v. TicketNetwork, Inc.*, 2:15-CV-01470-JRG-RSP, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018) (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 749, 759 (8th Cir. 2006)). "Rebuttal is a term of art, denoting evidence introduced by a plaintiff to meet new facts brought out in his opponent's case in chief." *GWTP Invs., L.P. v. SES Americom, Inc.*, 3:04-CV-1383-L, 2007 WL 7630459, at *9 (N.D. Tex. Aug. 3, 2007) (quoting *Rodriguez v. Olin Corp.*, 780 F.2d 491, 494 (5th Cir. 1986)). In determining whether rebuttal evidence is admissible, the question is not whether a plaintiff had the opportunity or right to overcome any statements or misstatements, but whether the defendant's witness's testimony raised new matters. *Rodriguez*, 780 F.2d at 495. When addressing whether an expert witness is a rebuttal witness, district courts often ask three questions:

> First, what evidence does the rebuttal expert purport to contradict or rebut? Second, is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure? Third, is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?

*Poly-Am., Inc. v. Serrot Int'l, Inc.*, CIV.A. 300CV1457D, 2002 WL 1996561, at *15 (N.D. Tex. Aug. 26, 2002); *see also United States v. Austin Radiological Ass'n*, A-10-CV-914-LY, 2014 WL 2515696, at *4 (W.D. Tex. June 4, 2014) (citing *Poly-Am., Inc.*, 2002 WL 1996561, at *15); *Wireless Agents, L.L.C. v. Sony Ericsson Mobile Commc'ns AB*, CIV.A.3:05-CV-0289-D, 2006 WL 5127278, at *2 (N.D. Tex. May 31, 2006) (same). Impermissible rebuttal testimony should be excluded. *See GWTP Invs., L.P.,* 2007 WL 7630459, at *10.

## ANALYSIS

Defendants contend Mr. Hueske and Dr. Peerwani are not true rebuttal witnesses because their reports do not solely contradict or rebut evidence. Instead, Defendants argue Mr. Hueske and Dr. Peerwani seek to improperly bolster Ms. Hoffman's opinion. Accordingly, Defendants move to exclude Mr. Hueske and Dr. Peerwani as rebuttal experts and strike their reports. The Court addresses each rebuttal expert separately.

**I. Mr. Hueske**

Defendants first argue Mr. Hueske is not a true rebuttal witness because his report does not reference any defense experts (Dkt. #231 at pp. 6–7). Even if it did, Defendants contend Mr. Hueske's report is far outside the scope of any defense expert's report or analysis and only serves to reiterate Ms. Hoffman's opinions (Dkt. #231 at pp. 6–7). Plaintiff responds that Mr. Hueske's report is narrowly tailored to rebut Drs. Corrigan and Natarajan's opinions regarding a lack of blood on the inside surface of the lower hatch and rear cargo area of Zoch III's vehicle.

Defendants first note that Mr. Hueske's report does not mention Drs. Corrigan or Natarajan. Although Defendants are correct, a rebuttal witness is not necessarily required to specify a witness that he or she intends to rebut:

> Although a rebuttal expert witness will often know whose testimony
> he is rebutting and what is the precise content of that testimony, the

> Rule does not require such knowledge in every case to qualify as the disclosure of a rebuttal expert. It is sufficient if the evidence disclosed under the rebuttal rubric is intended solely to contradict or rebut evidence on the same subject matter that another party has identified in its expert disclosure.

*Poly-Am., Inc.*, 2002 WL 1996561, at *15. Nonetheless, Plaintiff indicated in his amended expert disclosures, "Mr. Hueske's testimony will serve to rebut the opinions of defendants' experts, including Dr. Natarajan and Dr. Corrigan." (Dkt. #231, Exhibit 6 at p. 3). Therefore, Mr. Hueske purports to rebut the opinions of Drs. Corrigan and Natarajan.

Mr. Hueske also addresses the same subject matters identified by Defendants in their Rule 26(a)(2)(B) disclosures. Defendants designated Dr. Corrigan to testify on "biomechanical issues, including biomechanics of human injury, occupant kinematics, and injury mechanism" and Dr. Natarajan as "an expert in forensic, anatomical and clinical pathology . . . [who] will offer expert testimony regarding the injuries sustained by decedent Mr. Henry Zoch III and the cause and manner of death." (Dkt. #231, Exhibit 3 at pp. 2–4). In addressing these subjects, Drs. Corrigan and Natarajan examined the location of blood in Zoch III's vehicle (Dkt. #231, Exhibit 4 at pp. 22, 26, 34–35; Exhibit 5 at pp. 6–7, 13, 25). Plaintiff designated Mr. Hueske as a "forensic chemist with experience identifying the presence of blood residue" who will testify "regarding the presence of blood residue inside the subject vehicle." (Dkt. #231, Exhibit 6 at p. 3). Accordingly, all three experts analyze the presence and location of blood residue inside Zoch III's vehicle and, therefore, Mr. Hueske addresses the same subject matters identified by Defendants in their Rule 26(a)(2)(B) disclosures.

Mr. Hueske's opinion is also solely intended to contradict or rebut Drs. Corrigan and Natarajan's opinions. Drs. Corrigan and Natarajan determined that no physical evidence indicated that Zoch III's head contacted the area near the latch cover. Dr. Corrigan found that there was "no

physical evidence on the latch housing that indicated occupant contact at the exclusion of other more likely possibilities." (Dkt. #231, Exhibit 4 at p. 40). Dr. Natarajan concluded, "Based on the available photographs, the rear hatch and rear interior compartment is grossly unremarkable for significant visible body fluid and/or scalp hair type impact transfer." (Dkt. #231, Exhibit 5 at p. 25). Mr. Hueske's report addresses a single subject—whether blood is present in the rear cargo area and the driver's seat covering of Zoch III's vehicle (Dkt. #231, Exhibit 7). Mr. Hueske identified blood on the inside surface of the lower hatch and in the rear cargo area:

> Visual examination of the remaining areas of interest failed to reveal any apparent bloodstains. Likewise, ultra violet light did not reveal any suspected bloodstains. However, Blue Star Reagent did produce positive responses for blood on the inside surface of the lower hatch, and the carpet in the rear cargo area (see attached images 4–7).

(Dkt. #231, Exhibit 7 at p. 2). Mr. Hueske's blood identification directly rebuts Drs. Corrigan and Natarajan's opinions concerning the presence of physical evidence near the lower hatch and in the rear cargo area of Zoch III's vehicle. Accordingly, the Court concludes Mr. Hueske is a rebuttal witness because his report addresses the same subject matter as Defendants' Rule 26(a)(2)(B) disclosures and solely intends to rebut Drs. Corrigan and Natarajan's opinions. *Poly-Am., Inc.*, 2002 WL 1996561, at *15.

## II. Dr. Peerwani

Defendants argue Dr. Peerwani cannot qualify as a rebuttal witness because he independently examined Zoch III's mechanisms of head and neck injury (Dkt. #231 at p. 8). Defendants also contend Dr. Peerwani's responses to Drs. Corrigan and Natarajan are simply restatements of Ms. Hoffman's opinions (Dkt. #231 at pp. 8–9). Plaintiff responds claiming Dr. Peerwani's opinions go beyond Ms. Hoffman's opinion and directly rebuts Drs. Corrigan and Natarajan's opinions (Dkt. #233 at pp. 8–9).

Dr. Peerwani purports to rebut the conclusions of Drs. Corrigan and Natarajan. Unlike Mr. Hueske, Dr. Peerwani directly references the witnesses he intends to rebut in his report, "You have requested that I review the report of Dr. Corrigan and Dr. Natarajan, and prepare a rebuttal report if appropriate." (Dkt. #231, Exhibit 8 at p. 1). Therefore, there is no question that Dr. Peerwani purports to rebut the opinions of Drs. Corrigan and Natarajan.

Dr. Peerwani's opinion also concerns the same subject matter as that identified by Defendants in their Rule 26(a)(2)(B) disclosures. As discussed previously, Defendants designated Dr. Corrigan to testify on "biomechanical issues, including biomechanics of human injury, occupant kinematics, and injury mechanism" and Dr. Natarajan as "an expert in forensic, anatomical and clinical pathology . . . [who] will offer expert testimony regarding the injuries sustained by decedent Mr. Henry Zoch III and the cause and manner of death." (Dkt. #231, Exhibit 3 at pp. 2–4). Plaintiff designated Dr. Peerwani as "an expert in forensic, anatomical and clinical pathology" who will offer "testimony regarding the injuries sustained by decedent Henry Zoch, III and the cause and manner of his death." (Dkt. #231, Exhibit 6 at pp. 3–4). Accordingly, the subject matter of the three experts concerns the cause and manner of Zoch III's death, specifically relating to forensic pathology, injury analysis, and anatomy.

Third, Dr. Peerwani's report is intended solely to contradict or rebut the opinions of Drs. Corrigan and Natarajan. Defendants' main contention is that Dr. Peerwani's report "is simply a restatement of and an attempt to provide new, further support for – and is duplicative of – Ms. Hoffman's opinions as to Zoch's injury mechanism and alleged head impact with the rear hatch." (Dkt. #231 at p. 8). The Court disagrees because Dr. Peerwani's report specifically addresses new theories and evidence presented by Drs. Corrigan and Natarajan.

Ms. Hoffman concluded that Zoch III ramped up the seat back and moved "through the center rear cargo area, making contact with the back door of the vehicle." (Dkt. #231, Exhibit 2 at p. 25). Drs. Corrigan and Natarajan disagreed with Ms. Hoffman and provided new theories positing that Zoch III's head contacted the driver's seat head restraint (Dkt. #231, Exhibit 4 at p. 34; Exhibit 5 at p. 25). Dr. Peerwani directly responds to these new theories in three ways. First, Dr. Peerwani disagrees that the head injury could be caused by an impact with the head restraint (Dkt. #231, Exhibit 8 at pp. 9–10). Second, Dr. Peerwani rebuts Dr. Natarajan's opinion that the violet contusions located on Zoch III's buttocks are consistent with limited motion (Dkt. #231, Exhibit 8 at pp. 10–11). Finally, Dr. Peerwani disagrees with Dr. Natarajan's analysis concerning the location of blood and hair in the vehicle and determines that the location of the blood and hair found in Zoch III's vehicle is consistent with the theory that Zoch III's head impacted the rear cargo area of the vehicle (Dkt. #231, Exhibit 8 at pp. 12–14). Overall, while Ms. Hoffman and Dr. Peerwani reach similar conclusions, Dr. Peerwani rebuts Drs. Corrigan and Natarajan's opinions and does not merely parrot Mr. Hoffman's conclusions. Accordingly, the Court concludes that Dr. Peerwani is a proper Rule 26 rebuttal expert witness.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Exclude Plaintiff's Proposed Rebuttal Experts is hereby **DENIED** (Dkt. #231).

**SIGNED this 25th day of September, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE