# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| HENRY ZOCH II, Individually and on behalf of the Estate of Henry Zoch III, Deceased § § § | |
| | § Civil Action No. 4:17-CV-578 |
| v. | § Judge Mazzant |
| | § |
| DAIMLER, A.G., et al. | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Daimler, AG; Mercedes-Benz USA, LLC; and PAG Distributor S1, LLC's, Motion to Bifurcate Liability and Damages Portions of the Trial (Dkt. #242). Having considered the motion and relevant pleadings, the Court finds the motion should be denied (Dkt. #242).

## BACKGROUND

This is a products liability case arising from the alleged failure of the driver's seat in Henry Zoch III's ("Zoch III") vehicle—a 2008 Smart Fortwo—during a rear-end collision (Dkt. #52). As a result of the collision, Zoch III suffered a severe head injury and later died. Subsequently, Plaintiff filed suit on February 16, 2016 (Dkt. #1).

Defendants request the Court bifurcate the liability and damages portions of trial to promote judicial economy and avoid potential prejudice (Dkt. #242 at p. 1). Alternatively, Defendants move for bifurcation of the punitive damages issue from the liability and compensatory damages issues (Dkt. #242 at p. 1). Plaintiff opposes bifurcation arguing the risk/utility analysis of his design defect claim requires the jury to consider the nature and magnitude of his injuries (Dkt. #278 at pp. 3–4). Plaintiff also argues that bifurcation will not provide the benefits alleged by Defendants (Dkt. #278 at pp. 7–8).

Defendants filed the motion at issue on August 3, 2018 (Dkt. #242). Plaintiff filed its response to the motion on August 17, 2018 (Dkt. #278). Defendants filed their reply to the motion on August 24, 2018 (Dkt. #309).

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "A motion to bifurcate is a matter within the sole discretion of the trial court, and we will not reverse the court's decision absent an abuse of that discretion." *Nester v. Textron, Inc.*, 888 F.3d 151, 162 (5th Cir. 2018) (quoting *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)) (finding district court did not abuse its discretion when it refused to bifurcate liability from punitive damages in automobile design defect case). Federal courts are not bound by state law when deciding whether to bifurcate. *Nester*, 888 F.3d at 162 (citing *Rosales v. Honda Motor Co.*, 726 F.2d 259, 260 (5th Cir. 1984); *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 15 (2d Cir. 1988)).

## ANALYSIS

After reviewing the relevant pleadings, hearing arguments from the parties at the pretrial conference, and having considered Federal Rule of Civil Procedure 42(b), the Court finds that bifurcation will not provide greater convenience for the Court or parties, enable the avoidance of prejudice, nor will it expedite and economize the trial. Accordingly, the Court **DENIES** Defendants' Motion to Bifurcate Liability and Damages Portions of the Trial (Dkt. #242).

**SIGNED this 27th day of September, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE